**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **THERESE EZERSKI,** | ) | |
| | ) | |
| ***Plaintiff*** | ) | **No. 3:17-cv-00069-WHR** |
| | ) | |
| ***v.*** | ) | **Judge Walter H. Rice** |
| | ) | |
| **KIRLINS, INC. LONG-TERM DISABILITY PLAN and NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,** | ) | **Magistrate Judge Michael R. Merz** |
| | ) | |
| ***Defendants*** | ) | |

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S**
**MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ("Northwestern"), by its attorneys, Warren von Schleicher of Smith von Schleicher & Associates, and Brett K. Bacon of Frantz Ward, LLP, submits its Motion for Judgment on the Administrative Record[1]:

1. Plaintiff Therese Ezerski ("Ezerski") worked as a Hallmark card and gift store manager for Kirlin's Inc. As a benefit of employment, she received long-term disability insurance coverage under a Group Policy issued to Kirlin's by Northwestern Mutual Life Insurance Company ("Northwestern") and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). The applicable ERISA standard of judicial review is the *de novo* standard.

2. To qualify for disability benefits under the Group Policy during the initial 24-month period, the participant must be Disabled from working in her Own Occupation. To obtain

[1] The parties have agreed to voluntarily dismiss Defendant "Kirlin's, Inc. Long-Term Disability Plan" from this lawsuit.

benefits beyond 24 months, however, the participant must be Disabled from working in Any Occupation.

3. Ezerski ceased working for Kirlin's on March 25, 2013 due to cervical radiculopathy, which was successfully surgically repaired in December 2014. Northwestern approved Ezerski's disability claim and paid benefits for 24 months, through June 22, 2015, pursuant to the Group Policy's Own Occupation Definition of Disability.

4. After recovering from her successful cervical surgery, Ezerski's condition improved. By June 2015, all her treating physicians concurred that she had normal range of motion in her back and neck, normal strength in her arms and legs, she walked with a normal gait, and she was cleared to lift up to 50 pounds and return to her normal activities in the community. No physician identified any functional restrictions or limitations that would prevent Ezerski from performing sedentary level work.

5. Northwestern consulted two board certified physicians who concluded, consistent with all the treating physicians, that Ezerski had no functional limitations that would prevent her from performing sedentary work. Northwestern consulted a vocational specialist who identified numerous sedentary occupations that Ezerski had the education, training, and functional capacity to perform.

6. Northwestern's determination that Ezerski failed to satisfy the Any Occupation Definition of Disability is supported by the clinical findings of Ezerski's treating physicians, and the medical opinions of two independent consulting physicians. Northwestern's determination should be upheld under the Court's *de novo* review.

7. Accordingly, judgment should be entered in favor of Northwestern including an award of costs and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g) and the Federal Rules of Civil Procedure, and Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, respectfully requests entry of judgment in its favor, dismissal of Plaintiff's Complaint with prejudice, and an award of costs and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g) and the Federal Rules of Civil Procedure.

Respectfully submitted,

By: *<u>/s/ Warren von Schleicher</u>*
Attorney for Defendant,
Northwestern Mutual Life Insurance Company

Warren von Schleicher (Ill. Bar 6197189)
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle Street, Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
warren.vonschleicher@svs-law.com

Brett K. Bacon (0022826)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
P 216.515.1660 | F 216.515.1650
bbacon@frantzward.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2017, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney:

Joseph P. McDonald
McDonald & McDonald Co., L.P.A.
200A East Spring Valley Rd.
Dayton, OH 45458
joseph@mcdonaldandmcdonald.com

Brett K. Bacon
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
bbacon@frantzward.com

*/s/ Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
warren.vonschleicher@svs-law.com
Ill. Bar No. 6197189